Chen v. Holder

BIA
Poczter, IJ
A090 693 975

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand fourteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

LIANG CHEN,
> *Petitioner,*

v.                13-2515
                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Dixon Wong, Pasadena, California.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General; David V. Bernal, Assistant Director; Jennifer Paisner Williams, Senior Litigation Counsel; Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Liang Chen, a native and citizen of the People's Republic of China, seeks review of a May 30, 2013, order of the BIA affirming the December 13, 2011, decision of Immigration Judge ("IJ") Aviva L. Poczter, denying Chen asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Chen*, No. A090 693 975 (B.I.A. May 30, 2013), *aff'g* No. A090 693 975 (Immig. Ct. N.Y. City Dec. 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Past Persecution: Family Planning Fine

In order for economic harm to constitute persecution, the harm must be "severe," such that it would "constitute a threat to an individual's life or freedom," but an applicant "need not demonstrate a total deprivation of livelihood or a total withdrawal of all economic opportunity in order to demonstrate harm amounting to persecution." *Matter of T-Z-*, 24 I. & N. Dec. 163, 170-73 (B.I.A. 2007) (quotation marks omitted); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Here, the IJ reasonably found that Chen failed to establish that she suffered economic persecution as a result of a 12,000 renminbi family planning fine because she testified that she paid the fine and did not assert that she suffered any disadvantage as a result.

Future Persecution: Religious Practice

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must show that she subjectively fears persecution and that this fear is objectively reasonable. *See Ramsameachire v.*

3

*Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "[A]n alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Chen does not claim that Chinese government officials are aware of her religion. Instead, she argues that officials are likely to learn of her religious practice when she joins an unsanctioned "family church" in China. Citing, among other things, the 2010 U.S. Department of State's International Religious Freedom Report indicating that tens of millions of Christians practice in unregistered Christian churches in China, the IJ reasonably rejected this argument and determined that Chen failed to establish a well-founded fear of being singled out for persecution on account of her religion. *See Hongsheng Leng*, 528 F.3d at 143.

The IJ also did not err in determining that Chen failed to demonstrate systemic and pervasive persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Matter of A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005). While acknowledging reports

4

that the Chinese government arrested, harassed, and restricted leaders and members of certain groups, the IJ noted that tens of millions of Chinese Christians practice in unregistered churches.  Based on the evidence regarding country conditions, the IJ also found that the Chinese government permits family and friends to worship in homes without registering and does not interfere with unregistered religious groups in certain areas of the country.

Finally, because Chen failed to demonstrate a well-founded fear of persecution on account of her practice of Christianity, the IJ did not err in denying her asylum, withholding of removal, and CAT relief insofar as those claims were based on the same asserted factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```